DAVID P. MYERS (SBN 206137)
[dmyers@myerslawgroup.com]
JASON HATCHER (SBN 285481)
[jhatcher@myerslawgroup.com]
ANDRIANA N. BRAVO (SBN 349191)
[abravo@myerslawgroup.com]
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, California 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff Jessica Lee
and all others similarly situated.

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
ANETA FREEMAN, Managing Assistant City Attorney (SBN 196624)
**BRIAN LEVINE, Deputy City Attorney** (SBN 251416)
200 North Main Street, City Hall East – 7th Floor
Los Angeles, California 90012
Tel.: 213.978.8200; Fax: 213.978.8216
E-Mail: b.levine@lacity.org

Attorneys for Defendant City of Los Angeles.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-07032 CBM (MARx)<br><br>Assigned to the Honorable Consuelo B. Marshall<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: July 2, 2024<br>Removed: August 19, 2024 |

---

1

## I. PURPOSES AND LIMITATIONS

Plaintiff Jessica Lee ("Plaintiff") and Defendant City of Los Angeles ("Defendant" or "City") (the "Parties"), by and through their respective counsel, hereby jointly submit this Stipulated Protective Order ("Order"). The Parties agree that the Order's terms adequately protect documents designated CONFIDENTIAL as defined below.

Discovery in this case is likely to involve the production of proprietary, or private information for which may warrant protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the Parties hereby petition the Court to enter this Order. This Order does not confer blanket protections on responses to discovery. The protection it affords extends only to the limited information or items that are entitled to special treatment under the applicable legal principles. This Order does not entitle the Parties to file information designated as CONFIDENTIAL under seal. Rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks to file material under seal.

## II. GOOD CAUSE STATEMENT

This action may require the production of documents involving issues implicating public safety or privacy, including personal identifiable information and information implicating the privacy rights of Non-Parties. The volume of documents that will be produced in electronic discovery is extensive and may inadvertently include privileged information that eluded removal during pre-production review. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality issues, to adequately protect information designated as CONFIDENTIAL, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, the Parties have agreed to the terms of this Order.

It is the intent of the Parties that information will not be designated as CONFIDENTIAL for tactical reasons, and that nothing be so designated without a good faith belief that it is CONFIDENTIAL as defined by this Order.

## III. DEFINITIONS

A. <u>Action</u>: The instant lawsuit as captioned in this order.

B. <u>Challenging Party</u>: A Party or Non-Party challenging the designation of information or items under this Order.

C. <u>CONFIDENTIAL</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under FRCP Rule 26(c), and as specified above in the Good Cause Statement.

D. <u>CONFIDENTIAL UNLIMITED DURATION</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under FRCP Rule 26(c), and as specified above in the Good Cause Statement, for non-party, non-public records containing personally identifiable information, including but not limited to, non-party personnel, time and payroll records, and non-party names and contact information.

E. <u>Counsel</u>: Outside Counsel of Record and House Counsel and staff.

F. <u>Designating Party</u>: Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

G. <u>Discovery Material</u>: Documents, testimony, or other evidence, regardless of the medium or manner in which it is generated, stored, or maintained (including, objects, transcripts, and tangible things), produced or generated in disclosures or responses to discovery in this matter.

H. <u>Expert</u>: Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I. <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record.

J. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to

this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

L.  Party: Any Party to this Action, including officers, directors, employees, consultants, experts, and Outside Counsel of Record and their support staff.

M.  Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.  Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, and organizing, storing, or retrieving data) and their employees and subcontractors.

O.  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

P.  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.  SCOPE

The protections conferred by this Order cover Protected Material as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V.  DURATION

At trial, all of the information that was designated CONFIDENTIAL under this Order becomes available to the public and the press unless compelling reasons supported by specific factual findings to proceed otherwise are made and ruled upon by the Court before trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Accordingly, the terms of this Order cease at the commencement of the trial. Notwithstanding the foregoing provision, this Order will remain in place as to material

designated as CONFIDENTIAL (UNLIMITED DURATION) under this order for non-party, non-public records containing personally identifiable information, including but not limited to, non-party personnel, time and payroll records, and non-party names and contact information.

## VI. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or communications that qualify so that other portions of documents are not covered by this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or made for an improper purpose may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other Parties that it is withdrawing the inapplicable designation at its own expense.

### B. Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material qualifying for protected under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(1)  For Documents:

    a. The Designating Producing Party affixes the legend CONFIDENTIAL to each page of any Document claimed to contain Protected Material. If only a portion of the material on a page is claimed protected, the Designating Party must clearly identify the protected portion by making appropriate markings in the margins.

    b. A Party or Non-Party that elects to make original documents available for inspection need not designate until after the inspecting Party has indicated which

documents it would like to be copied and produced. During the inspection and prior to designation, the material made available for inspection shall be provisionally deemed "CONFIDENTIAL." Upon production, however, only the marked materials will be deemed CONFIDENTIAL.

         c.     After the inspecting Party has identified the documents, it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Designating Party must affix the CONFIDENTIAL to each page that contains Protected Material.

         d.     If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins.)

    (2)    <u>For deposition testimony</u>: the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend CONFIDENTIAL. If only a portion or portions of the information is claimed protected, the Designating Party, to the extent practicable, shall identify the protected portion through margin markings.

    C.    <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, by itself, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must take reasonable steps to treat the material in accordance with this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    A.    <u>Timing of Challenges</u>.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with any Scheduling Order issued by the Court in this matter.

///

B.  Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1. The burden of persuasion in any such challenging proceeding shall be on the Designating Party. Frivolous challenges, made solely for an improper purpose may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the documents and protection as otherwise provided for in this Order.

VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.  Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons under this Order. When the Action has been terminated, the Receiving Party must comply with this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.  Disclosure of CONFIDENTIAL Documents or Testimony.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose CONFIDENTIAL information only to:

(1)   the Receiving Party's Outside Counsel of Record in this Action to whom it is reasonably necessary to disclose the information for this Action;

(2)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(3)   Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(4)   the court and its personnel;

(5)   court reporters and their staff;

(6)   professional jury or trial consultants, mock jurors, and Professional;

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(8) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (a) the deposing Party requests that the witness sign Exhibit A; and (b) they will not be permitted to keep any CONFIDENTIAL information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(9) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## IX. CLAIMED PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information in this Action designated CONFIDENTIAL, that Party must: (a) promptly notify in writing the Designating Party, including a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material in that litigation is subject to this Order. Such notification shall include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

The Designating Party shall bear the burden and expense of seeking protection in that court of its CONFIDENTIAL material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

## X. NON-PARTY DOCUMENTS AND TESTIMONY

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. If a Party is required, by a valid discovery request, to produce a Non-Party's information designated as CONFIDENTIAL in its possession, and the Party is subject to an agreement with the Non-Party not to produce its CONFIDENTIAL information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the discovery request(s), and a reasonably specific description of the information sought; and

(3) make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this Court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL information and responses.

D. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any manner not permitted under this Order, the Receiving Party must immediately do the following: (a) Notify the Designating Party of the unauthorized disclosures in writing; (b) use best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of this Order, and (d) request such person(s) execute Exhibit A.

## XII. INADVERTENT PRODUCTION

The inadvertent production of privileged or otherwise protected documents or testimony does not constitute a waiver of privilege of protected information which may be clawed back regardless of inadvertence and regardless of reasonable steps to prevent disclosure, if any.

## XIII. MISCELLANEOUS

A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. <u>Right to Assert Other Objections</u>. By stipulating to the terms in this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, neither Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record.

## XIV. FINAL DISPOSITION

After the final disposition of this Action and within sixty days of a written request

by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

The Parties understand and agree that following the termination of the litigation the pending litigation exemption of Section 7927.200 of the California Public Records Act ("CPRA") expires, and the City may be required to produce any records or documents pursuant to a request under the CPRA.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any archival copies that contain Protected Material remain subject to this Order. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and sanctions.

///
///
///
///
///
///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 7, 2025         THE MYERS LAW GROUP, A.P.C.

By /S/ Andriana Bravo
    David P. Myers
    Jason Hatcher
    Andriana N. Bravo

Attorneys for Plaintiff Jessica Lee and all others similarly situated.

Dated: August 7, 2025         HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
ANETA FREEMAN, Managing Assistant City Attorney
**BRIAN LEVINE, Deputy City Attorney**

By /s/ Brian Levine
**BRIAN LEVINE**
Attorneys for Defendant, **CITY OF LOS ANGELES.**

I, Brian Levine, attest that the signature of Plaintiff's counsel above on whose behalf the filing is submitted concurs in the filing's content and has authorized the filing.

By /s/ Brian Levine
**BRIAN LEVINE**
Attorneys for Defendant, **CITY OF LOS ANGELES.**

## [PROPOSED] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: 9/10/2025

MARGO A. ROCCONI
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Central District of California in the case of *Jessica Lee. v. City of Los Angeles et al.* Case No.: 2:24-cv-07032 CBM (MARx). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose, in any manner, any information that is subject to this Order to any person or entity except in strict compliance with this Order. I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____