Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Jolina Abrena, Bar No. 198683
jabrena@lcwlegal.com
Corrigan Lewis, Bar No. 348934
clewis@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone: 310.981.2000
Facsimile: 310.337.0837

Brian Levine, Deputy City Attorney, Bar No. 251416
b.levine@lacity.org
200 North Main Street, City Hall East – 7th Floor
Los Angeles, CA 90012
Telephone: 213.978.8200
Facsimile: 213.978.8216

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESSICA LEE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CITY OF LOS ANGELES, a California municipality; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 2:24cv-07032-CBM-MAR

CLASS AND COLLECTIVE ACTION

*Hon. Consuelo B. Marshall*

**DECLARATION OF JOLINA ABRENA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

*[Filed concurrently with Motion to Dismiss and Motion to Strike; Request for Judicial Notice; and [Proposed] Orders]*

Hearing Date: June 23, 2026
Time: 10:00 A.M.
Courtroom: 8D

Complaint Filed: July 2, 2024
Removed: August 20, 2024
FAC Filed: April 27, 2026



LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

**DECLARATION OF JOLINA A. ABRENA**

I, Jolina A. Abrena declare as follows:

1. I am over the age of 18. I am an attorney at law duly licensed to practice before the Central District of California. I am senior counsel with the law firm of Liebert Cassidy Whitmore, attorneys of record for Defendant City of Los Angeles ("City"). I am familiar with the papers and files in this case and I have personal knowledge of all facts set forth herein. If called upon to testify to same, I could and would so testify.

2. On May 14, 2026, I sent a letter to Plaintiff's counsel, David P. Myers, Jason Hatcher, Cassandra Castro, and Andriana Bravo to initiate the meet and confer process regarding the City's motion to dismiss and motion to strike portions of Plaintiff's First Amended Complaint ("FAC"). My letter described the grounds for the factual bases and legal authority for the City's argument that the FAC alleges insufficient facts to state Plaintiff's first claim for relief (mislabeled as cause of action) for breach of contract and third claim for relief (mislabeled as cause of action) for breach of contract as to contractual compensatory time off pay. Specifically, the FAC does not allege facts indicating that Plaintiff exhausted her administrative remedies, and therefore the Court should dismiss Plaintiff's first and third claims for relief. My letter also described the bases for the City's argument that the Court should strike certain phrases that are immaterial and/or impertinent from the FAC. Attached as Exhibit A is true and correct copy of my letter, dated May 14, 2026.

3. On May 19, 2026 at 11:30 a.m., I had a telephone conference with Plaintiff's counsel, Cassandra Castro, during which we met and conferred regarding the City's motion to dismiss and motion to strike the FAC. Based on our telephone conference, my understanding of Plaintiff's position is that it would have been futile to attempt to exhaust given that the grievance procedures allow the Union, but not an employee, to request arbitration of an employee's grievance, and on that

basis, the grievance procedures are also inadequate. Ms. Castro and I did not reach a resolution as to the disputed issues.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 26th of May, 2026 in Los Angeles, California.

*/s/ Jolina Abrena*
Jolina Abrena

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# EXHIBIT A

LCW LIEBERT CASSIDY WHITMORE

6033 WEST CENTURY BOULEVARD, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90045
T: 310.981.2000 F: 310.337.0837

jabrena@lcwlegal.com
310-981-2017

May 14, 2026

**VIA EMAIL ONLY**
**dmyers@myerslawgroup.com**
**jhatcher@myerslawgroup.com**
**ccastro@myerslawgroup.com**
**abravo@myerslawgroup.com**

David P. Myers
Jason Hatcher
Cassandra A. Castro
Andriana N. Bravo
THE MYERS LAW GROUP, APC
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730

**Re:** ***Jessica Lee v City of Los Angeles | USDC Case No.: 2:24-cv-7032-CBM-MAR - Meet and Confer re: Defendant's Motion to Dismiss and Motion to Strike***
**Client-Matter: LO160/096**

Dear Counsel:

We are writing to initiate the meet and confer process regarding Defendant City of Los Angeles' ("Defendant") Motion to Dismiss Plaintiff Jessica Lee's First Amended Complaint ("FAC"), pursuant to Local Rule 7-3. Defendant believes that Plaintiff's FAC is subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a motion to strike under Federal Rule of Civil Procedure 12(f) for the reasons outlined below.

## I. FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND THIRD CAUSE OF ACTION: BREACH OF CONTRACT AS TO CONTRACTUAL CTO PAY

Defendant will move to dismiss the first claim for relief (mislabeled as a cause of action) for breach of contract, and third claim for relief (mislabeled as a cause of action) regarding contractual CTO (compensatory time off) pay because the FAC fails to allege sufficient facts to state these causes of action. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988) [Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.]

The FAC does not allege any facts showing that Plaintiff exhausted her administrative remedies. The doctrine of exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000); *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 293 (1941).

Failure to arbitrate in accordance with grievance procedures in a collective bargaining agreement is analogous to the failure to exhaust administrative remedies. (*See Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2019) 42 Cal.App.5th 918, 927 ("ALADS"), citing *Service Employees Internat. Union, Local 1000 v. Department of Personnel Admin*. (2006) 142 Cal.App.4th 866, 869-870 ["It is the general rule that a party to a collective bargaining contract which provides grievance and arbitration machinery for the settlement of disputes within the scope of such contract must exhaust these internal remedies before resorting to the courts in the absence of facts which would excuse him from pursuing such remedies."])

In *ALADS*, the sheriff's deputy's union brought a breach of contract claim alleging violation of certain provisions in the MOU between the County and the union, also related to compensation. The *ALADS* court reaffirmed the black letter law that, generally, a party must exhaust administrative remedies before resorting to the courts. (Id., citing *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080.) The ALADS court explained that the exhaustion doctrine is "grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).'" (*Id*., quoting *Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 391.) The ALADS court further noted that, even if an administrative proceeding does not eliminate the need for a subsequent judicial action completely, it "will still promote judicial efficiency by unearthing the relevant evidence and by providing a record which the court may review." (*Id.*, quoting *Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 476.) In *Westlake*, the Supreme Court explained that the exhaustion requirement "make[s] possible the settlement of such matters by simple, expenditures and inexpensive procedures…. Such internal remedies are designed not only to promote the settlement of grievances but also to promote more harmonious relationships, and the courts look with favor upon them." (*Id.*, at 17 Cal.3d at 475.)

Here, Plaintiff and Class members have internal grievance procedures available to them under MOU #9. Section 3.0 of MOU #9 describes the grievance procedures agreed upon between Defendant and the Union for Plaintiff and Class members. Article 3.1 defines a grievance as a "dispute concerning the interpretation or application of this written MOU, or departmental rules and regulations governing personnel practices or working conditions applicable to employees covered by this MOU." Any employee can initiate the grievance procedure, which consists of four escalating steps that are designed to give the employees and the City opportunities to resolve the dispute "appropriately, expeditiously and at the lowest level possible." (See Art. 3.1, Statement of Intent.) The fourth step permits the Union to demand arbitration of an employee's grievance. In addition to individual employee grievances, MOU #9 also contains a "Procedure For Grievances Affecting A Group Of Employees," by which the Union may file a written grievance with the General Manager, or designee, of the affected department. If the group

grievance is not resolved at the first step, the Union may file for arbitration pursuant to the fourth step of the individual employee grievance procedure.

The contract-related allegations in the first and third claims for relief in the FAC meet the definition of grievance under Article 3.1 of MOU #9. The FAC alleges that Plaintiff and the Class did not receive remuneration such as Shift Differential pay, other adjusted pay for specified assignments, and/or an increase in employees' base rate when working in specified assignments as outlined in the MOU. (FAC, ¶¶40, 41.) The FAC alleges that, pursuant to the MOU, overtime shall be computed in accordance with FLSA for Plaintiff and the Class. (FAC, ¶42.) The FAC further alleges that Defendant failed to pay Plaintiff and the Class overtime wages computed in accordance with the FLSA where Defendant excluded non-discretionary payments, such as Shift Differential pay and/or Daily Bonus-Meals, from the calculation of the regular rate of pay for overtime purposes. (FAC, ¶42.) Defendant allegedly failed to pay Plaintiff and the Class all remuneration and overtime owed pursuant to the MOU. (FAC, ¶43.) Defendant allegedly failed to pay Plaintiff and the Class members compensatory time off at the contractual rate of 1.5 times the regular straight time hourly rate. (FAC, ¶¶19, 58.) Finally, Defendant allegedly knowingly failed and refused to pay the contractual CTO Pay at 1.5 times the straight time hourly rate as defined in the MOU. (FAC, ¶59.) All of these allegations constitute a "dispute concerning the interpretation or application of this written MOU[9]," making them subject to the contractual grievance procedure.

While the contract-related allegations meet the definition of grievance under MOU #9, and MOU #9 provides grievance procedures for resolving contractual disputes that culminate in binding arbitration, the FAC does not allege facts indicating that Plaintiff exhausted the grievance procedures available to her, nor did Plaintiff (or other Class members) pursue a grievance for the claims set forth in the first and third claims for relief (causes of action.) In applying the case authority, Plaintiff's failure to exhaust administrative remedies bars the first claim for relief (cause of action) for breach of contract and the third claim for relief (cause of action) for breach of the contract regarding CTO. Thus, Defendant will move to dismiss both claims for relief under Fed. R. Civ. P 12(b)(6).

## II. <u>MOTION TO STRIKE</u>

Defendant will move to strike "attorney's fees" from Paragraphs 2, 46, and 62 of the FAC on the ground the phrase is immaterial and/or impertinent. Rule 12(f) allows the court to strike pleadings that are "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

California Code of Civil Procedure section 1021 states: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions

or proceedings are entitled to their costs, as hereinafter provided." *Trope v. Katz*, 11 Cal.4th 274, 279 (1995) ["California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees."].

California Civil Code section 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Here, Plaintiff seeks her attorneys' fees for prosecuting Defendant's alleged contractual breaches. However, MOU #9 does not contain an express attorneys' fees provision and there is no statute that specifically provides attorneys' fees for contractual breaches. Cal. Civ. Code, §1717; Cal. Code Civ. Proc. §1021. Accordingly, references to recover of "attorneys' fees" are immaterial and/or impertinent.

Defendant will also move to strike "statutory penalties" from prayer of relief No. 3 (page 15:4) and "penalties" from prayer of relief No. 6 (page 16:2) on the ground these terms are immaterial and/or impertinent. There are no statutory penalties available for breach of contract claims.

Additionally, Defendant will move to strike "contract clause of the California Constitution" from paragraph 56 of the FAC on the ground this phrase is immaterial and/or impertinent. The Contract Clause states: "A bill of attainder, ex post facto law, or law impairing the obligation of contracts may not be passed." (Cal Const, Art. I § 9.) Contrary to Plaintiff's allegation (FAC, ¶56), the Contract Clause does not require payment to employees under a memorandum of understanding.

Please provide your availability to meet and confer regarding Defendant's motion to dismiss and motion to strike.

Sincerely,

LIEBERT CASSIDY WHITMORE

*/s/ Jolina Abrena*
Jolina Abrena

JAA:hf